KABATZNICK v. EATON, Collector of Internal Revenue.

No. 3355.

District Court, D. Connecticut.

Oct. 9, 1930.

Perkins, Wells, Davis & Schaefer, of Hartford, Conn. (Ralph O. Wells and William S. Locke, both of Hartford, Conn., of counsel), for plaintiff.

John Buckley, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn., and C. M. Charest, Gen. Counsel, and W. L. Marshall, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

BURROWS, District Judge.

This is an action to recover additional income taxes assessed by the Commissioner for the years 1923, 1924, and 1925, amounting in the aggregate to $3,382.23, together with interest.

The plaintiff, for the tax years in question, rendered his income tax returns on the basis of cash receipts and disbursements. However, on October 1, 1923, plaintiff had certified public accountants install a set of double entry books, and since that date the records of the plaintiff's business are shown by that system. On that date a physical inventory was taken of goods on hand, and an inventory as of January 1, 1923, was determined by adding to the inventory taken October 1st, 60 per cent. of the sales from January 1st to October 1st, and deducting purchases between those dates. This method of arriving at inventory as of January 1, 1923, was also adopted by defendant's accountants, and it is conceded that this method produced a fairly accurate inventory value as of that date.

In view of the system of accounting kept by the plaintiff, the Commissioner determined that the income should be computed on an accrual basis instead of on a cash receipts and disbursements basis, on the ground that it reflected the true income more clearly, and fixed the additional taxes in question accordingly.

The plaintiff's position is that his books were not kept on a true and complete accrual basis, and that the assessment should be fixed by cash receipts and disbursements, as this only reflects true income.

While it may be that the system installed and kept by the plaintiff lacks some of the elements of the highest scientific accrual method, the fact remains that this was the method adopted by him, and shows such accounts as inventory accounts, accounts receivable, accounts payable, reserved for bad debts, reserved for depreciation, and accounts rent payable, all of which are accrual accounts; and the plaintiff's income for the purpose of taxation cannot be fairly ascertained without reference to these accounts, which would necessarily compel the use of the accrual method. It at least comes nearer reflecting true income than simply taking receipts and disbursements.

The claim of the plaintiff that he has a right to render his income returns on cash receipts and disbursements basis would have considerable force in respect to installment sales if he had kept his books on that basis; but, rather having kept his books on what may be termed a near accrual system, he cannot now complain, since the Commissioner computed the tax in compliance with section 212(b) of the Revenue Act of 1924, 26 USCA § 953, subd. b (which is identical with the Revenue Act of 1921 § 212, 40 Stat. 1064), and especially as this method, to my mind, comes nearer reflecting the true income than that insisted upon by the plaintiff and used in making up his tax returns.

The plaintiff has not met the burden required to overthrow the finding of the Commissioner, and the motion of the defendant for judgment and dismissal of plaintiff's petition, with costs, is therefore granted.